ROBERT R. POWELL, ESQ., CSB# 159747
DOUGLAS D. DURWARD, ESQ., CSB#215910
LAW OFFICES OF ROBERT R. POWELL
95 South Market Street, Suite 260
San Jose, California 95113
408-271-2300 Telephone
408-271-2303 Facsimile

Attorneys for Plaintiffs
JESSE MILLER; MARY LOU SCHAR

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA
(San Jose Division)

| | |
|---|---|
| JESSE MILLER, MARY LOU SCHAR, ) | Case No. |
| ) | |
| Plaintiffs, ) | PLAINTIFFS' COMPLAINT FOR |
| ) | VIOLATION OF CIVIL RIGHTS, |
| v. ) | FALSE IMPRISONMENT / |
| ) | ARREST, INTENTIONAL INFLICTION |
| COUNTY OF SANTA CLARA, DOE ) | OF EMOTIONAL DISTRESS, |
| MIDDLETON, DOE SIMS, DOE BINDER,) | NEGLIGENCE, NEGLIGENT |
| DOE JACOBS, DOE BROWN, DOE ) | INFLICTION OF EMOTIONAL |
| COLE, DOE VANDERESCH, ERIN ) | DISTRESS |
| THOMAS, and DOES 8-20, inclusive, ) | |
| ) | |
| Defendants. ) | |

**I. JURISDICTION AND INTRA-DISTRICT ASSIGNMENT**

1.     **JURISDICTION.** Plaintiffs bring this civil rights lawsuit pursuant to 42 U.S.C. Section 1983 to redress the deprivation by defendants, at all times herein acting under color of state law, of rights secured to plaintiffs under the United States Constitution, including the First, Fourth, Fifth, and Fourteenth Amendments, and under federal law.

1

Jurisdiction is conferred on this Court by 28 U.S.C. section 1343(3) and 1343(4), which provide for original jurisdiction in this Court of all suits brought pursuant to 42 U.S.C. Section 1983. Jurisdiction is also conferred by 28 U.S.C. Section 1331(a) because claims for relief derive from the United States Constitution and the laws of the United States.

This Court has supplemental jurisdiction over plaintiff's state law causes of action pursuant to 28 U.S.C. § 1367(a).

**INTRADISTRICT ASSIGNMENT.** Venue properly lies in the Northern District of California, San Jose Division, pursuant to 28 U.S.C. Sections 1391 and 1392 and Local Rule 3-2(e), in that the events and circumstances herein alleged occurred in Santa Clara County, and at least one defendant resides in Santa Clara County.

## II. PARTIES

2.     Plaintiff JESSE MILLER (hereinafter "JESSE") at all times relevant hereto, was a resident of the County of Santa Clara.

3.     Plaintiff MARY LOU SCHAR ("MS. SCHAR") at all times relevant hereto, was a resident of the County of Santa Clara.

4.     Defendant COUNTY OF SANTA CLARA ("COUNTY"), is a municipality, organized and existing under the laws of the State of California, and has as a departmental subunit thereof, the SANTA CLARA COUNTY SHERIFF'S DEPARTMENT ("SCSD"). Defendant DOES identified herein by the title "DOE [surname]" were at all times relevant herein, police officers with SCSD, and thereby an employee of COUNTY. The SCSD is a governmental agency and/or subunit, organized and existing pursuant to the rules, regulations, policies and laws of defendant COUNTY, and is the agency which promulgated, encouraged, and/or permitted, the policies, patterns, and practices under which the individual defendant police officers identified herein by the title "DOE [surname]," and DOES 8-20, committed the acts or omissions complained of

2

herein, and with COUNTY, is the agency which condoned, ratified, and encouraged the conduct of defendant DOES 1-10 complained of herein.

5.    The DOE defendants identified herein, have the following SCSD badge numbers;

Doe Middleton - #1660; Doe Sims - #1664, Doe Binder - #1682; Doe Jacobs - #1710; Doe Brown - #1823; Doe Cole - #1708; Doe Vanderesch - #1763.  They are sometimes referred to collectively herein as "defendant sheriffs."

6.    Defendant ERIN THOMAS ("THOMAS") at all times relevant hereto, was a resident of the County of Santa Clara.

7.    Plaintiff is ignorant of the true names and identities of those defendants sued fictitiously herein as Does 8 - 20, inclusive. Plaintiff is informed and believes and thereon alleges that all defendants and said defendants participated or failed to participate in some manner in the events complained of herein, which acts or failures to act were in some manner a proximate cause of the injuries complained of by JESSE, and for which, whether by agreement, inadequate supervision, inadequate training, consent, ratification, or active participation, such Doe defendants are responsible and/or liable for the Plaintiff's injuries and damages.

## III.  FACTUAL ALLEGATIONS

8.    JESSE was married to THOMAS at all times relevant herein, and the parties have one child named Caytlin Thomas, born 10/26/2000.  The couple lived together only a day or two after marriage, at which time THOMAS left JESSE.  After their separation Caytlin was born.

9.    Since the birth of Caytlin, THOMAS has engaged in a pattern of making false accusations against JESSE for purposes of gaining an advantage or leverage vis-à-vis obtaining sole legal and physical custody of their minor child through the court system in the dissolution

COMPLAINT
MILLER V. COUNTY OF SANTA CLARA
CASE NO. _____

matter involving JESSE and THOMAS. THOMAS has intended to inflict, or acted with reckless

disregard for the likelihood of causing plaintiff JESSE severe emotional distress.

10.    THOMAS has made claims of abuse on two occasions, both of which were later

retracted. The first was on or about December 26th, 2002. The second was with regard to the

incident and circumstances set forth herein.

11.    On or about October 19th, 2003, JESSE made arrangements with THOMAS to meet her

at a Bank of the West on the corner of Camden and Union streets in the COUNTY OF SANTA

CLARA at 9:00 p.m., for purposes of exchanging Caytlin, who had been in JESSE's care.

JESSE arrived at the appointed time, then waited for approximately 15 minutes before THOMAS

arrived.

12.    THOMAS expressed anger that she had to leave some type of dinner engagement she was

involved in to pick-up Caytlin, and JESSE reminded her that she had agreed to the scheduled

time for the exchange in advance, and could have made other arrangements. They exchanged the

child without event, and went their separate ways, JESSE returned to his home in San Jose. A

surveillance camera from the area of the bank's ATM machine recorded that the entire exchange

took only a minute or two. THOMAS had no visible signs of any injury when she spoke to the

police later that evening after the exchange.

13.    Approximately two and one half hours later, JESSE was awoken by his mother MS.

SCHAR, who told him that there were police officers at the door who wished to speak with him.

14.    He went downstairs, and while remaining within the threshold of the front door to the

home, he found what appeared to be three or more law enforcement officers, though more would

arrive throughout the incident, and he believes that at least all seven of the sheriff's deputies who

are named defendants herein, were on the scene at one time or another. MS. SCHAR was

4

standing on the front porch just outside the threshold as JESSE commenced to converse with the officers while standing inside the threshold to his home.

15.    DOE MIDDLETON asked him if he would step outside, to which he replied, "no." DOE MIDDLETON proceeded to say that he had received a report from THOMAS claiming that JESSE had hit her earlier that evening.  DOE MIDDLETON then asked, "Did you hit her?" JESSE replied, "No I didn't hit her," and proceeded to tell them that she had made this kind of false accusation before and that he had in his possession in the kitchen area (located approximately 15 feet away) documents from the family court matter involving his ex-wife that would show not only where she had made similar allegations previously, but also where she had then admitted that the allegations were false.  He was referring to an incident in December of 2002, where THOMAS had also accused JESSE of domestic violence, though she later retracted her claims and charges were never filed. JESSE offered to show them to the officer, but he refused.

16.    JESSE then asked the officers if they had any other questions, to which at least one officer replied, "no."  At that point, SCHAR asked if they had a warrant, to which DOE MIDDLETON admitted he did not, and JESSE stepped back and closed the door. MS. SCHAR also told the officers to "get a warrant."

17.    As JESSE started to close the door, DOE MIDDLETON lunged at the door.  As he did so, MS. SCHAR, who was still standing on the porch, attempted to place her hand in front of him to keep them from attacking her son and/or ramming her door down.  When she did so, another officer (a named Doe [surname] defendant, identity unknown) grabbed her by the upper arm and forcefully removed her from the front porch area by yanking her away, and that officer and another kept her away from the immediate area against her will, by keeping a firm grip on her

5

COMPLAINT
MILLER V. COUNTY OF SANTA CLARA
CASE NO. _____

upper arms.  MS. SCHAR did not consent to the touching, and said touching was offensive in the

extreme.  As a result, MS. SCHAR had bruises on her upper arm that were visible for several

days thereafter.

18.     MS. SCHAR was restrained by the unknown sheriffs by force and/or intimidation, and

was unable to move freely or leave the area, against her will, and without her consent.

19.     As soon as DOE MIDDLETON lunged at the door but was unable to stop its closure, and

after MS. SCHAR was removed from the stoop, DOE JACOBS and DOE MIDDLETON

proceeded to rush the front door, and began hammering it with their shoulder, kicking it with

their boots, and banging on it with their fists to such a degree that JESSE felt certain the door

was about to be knocked off of its hinges.  In order to avoid further damage to the door, he re-

opened the door, but did not step outside.  At no time did JESSE or MS. SCHAR consent to any

of the police officers entering the home.

20.     When JESSE opened the door, the first thing he saw was DOE JACOBS and two to three

other unknown officers with guns brandished.  DOE JACOBS was kneeling with his service

revolver drawn and pointed directly at JESSE's head.  He could also see that other officers had

their guns drawn as well, and that all were pointed at his head or upper body.  The threatened

force implied by the use of a lethal weapon was unreasonable in the extreme.

21.     DOE MIDDLETON and DOE JACOBS and other unknown sheriffs yelling in the

background, then instructed JESSE to get down on his knees and place his hands behind his

head.  He did so, and as soon as he was in the requested position, DOE MIDDLETON stepped

into the home, cuffed him and dragged him to his feet.  The touching of JESSE was unlawful,

done without his consent, and offensive in the extreme.

6

COMPLAINT
MILLER V. COUNTY OF SANTA CLARA
CASE NO. _____

22.    JESSE was arrested and spent four days in jail.  The criminal case against him was dismissed "in the interests of justice."  THOMAS again retracted her accusations against JESSE despite threats of criminal prosecution from district attorneys in the Santa Clara County District Attorney's Office.

## IV.  DAMAGES

23.    As a result of the conduct of defendants, the plaintiffs have suffered pain and severe emotional distress, and could barely function for employment purposes and therefore incurred lost wages, and are reasonably anticipated to incur further lost wages and impairment of earning capacity in the future.   For a significant period of time after each of the incidents complained of hereinabove, plaintiffs could not enjoy almost any activity due to the malaise associated with his/her depressed emotional and psychological state, growing fear of further harassment and incarceration by the police, and loss of trust and respect for figures of authority in his/her community.  These incidents and JESSE's incarceration also caused humiliation and embarrassment and loss of reputation in the community for both plaintiffs.

24.    Plaintiffs seeks an award of exemplary (punitive) damages pursuant to California Civil Code Section 3294 to make an example of and punish defendants, and in the hope of deterring future conduct of a similar nature.  Defendants are guilty of oppression, fraud, or malice by way of the acts heretofore alleged.

## V.  CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### VIOLATION OF CIVIL RIGHTS (42 U.S.C. 1983)
(JESSE Against All Doe [Surname] Defendants & Thomas - Arrest)

25.    Plaintiff JESSE re-alleges and incorporates paragraphs 1 through 22, inclusive, as though fully set forth at this point, as they relate to a cause of action for a violation of JESSE's civil

7

rights under the 4th Amendment of the U.S. Constitution, with regard to the unlawful arrest and imprisonment of his person, and alleges said arrest was without probable cause, an arrest warrant, a search warrant, or exigent circumstances.  JESSE alleges that in taking the actions complained of herein, defendant sheriffs, were either encouraged, directed, or otherwise assisted in procuring the arrest of plaintiff JESSE without due process of law by the actions, statements, or conduct of THOMAS, as hereinabove alleged.

26.    The conduct of defendants was the proximate cause of the damages set forth in paragraphs 23 through 24 herein, which are incorporated in this First Claim for Relief as though fully set forth at this point.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF CIVIL RIGHTS (42 U.S.C. 1983)**
(JESSE & MS. SCHAR Against All Doe [Surname] Defendants & Thomas - Search)

27.    Plaintiffs JESSE and MS. SCHAR re-allege and incorporate paragraphs 1 through 22, inclusive, as though fully set forth at this point, as they relate to a cause of action for a violation of JESSE and MS. SCHAR's civil rights under the 4th Amendment of the U.S. Constitution, with regard to the unlawful search of their home associated with the entry into their home to effectuate an unlawful arrest of JESSE's person, and alleges said search of their home was without probable cause, an arrest warrant, a search warrant, or exigent circumstance. Plaintiffs allege that in taking the actions complained of herein, defendant sheriffs, were either encouraged, directed, or otherwise assisted in procuring the arrest of plaintiff JESSE without due process of law by the actions, statements, or conduct of THOMAS, as hereinabove alleged.

28.    The conduct of defendants was the proximate cause of the damages set forth in paragraphs 23 through 24 herein, which are incorporated in this Second Claim for Relief as though fully set forth at this point.

COMPLAINT
MILLER V. COUNTY OF SANTA CLARA
CASE NO. _____

**THIRD CLAIM FOR RELIEF**
**VIOLATION OF CIVIL RIGHTS (42 U.S.C. 1983)**
(JESSE Against All Doe [Surname] Defendants – Excessive Force)

29.     Plaintiff JESSE re-alleges and incorporates paragraphs 1 through 22, inclusive, as though fully set forth at this point, as they relate to a cause of action for a violation of JESSE's civil rights under the 4th Amendment of the U.S. Constitution, with regard to the unreasonable and excessive force used by Does 1 through 10 in detaining and making the unlawful arrest of JESSE by way of the use of excessive force, to wit, the use of lethal weapons pointed directly at the plaintiffs head and/or body.

30.     JESSE carried no weapons, and was dressed in minimal sleeping attire due to the late hour, and at no time threatened or implied any threat against any defendant sheriff or other person.

31.     The conduct of defendants was the proximate cause of the damages set forth in paragraphs 23 through 24 herein, which are incorporated in this Third Claim for Relief as though fully set forth at this point.

**FOURTH CLAIM FOR RELIEF**
**VIOLATION OF CIVIL RIGHTS (42 U.S.C. 1983)**
(MS. SCHAR Against Unknown Doe [Surname] Defendants – Arrest / Detention)

32.     Plaintiff MS. SCHAR re-alleges and incorporates paragraphs 1 through 22, inclusive, as though fully set forth at this point, as they relate to a cause of action for a violation of her civil rights under the 4th Amendment of the U.S. Constitution to be free from unreasonable seizure, with regard to the unlawful restraint upon her freedom to move about freely which was accomplished through intimidation and physical restraint by unknown DOE [surname] defendants.  MS. SCHAR alleges said arrest and/or detention was without probable cause, an arrest warrant, or exigent circumstances, and her freedom of movement, and confinement to an

9

1    area defined by the force of the defendants applied to her person, resulted in her confinement and

2    imprisonment for an appreciable and unreasonable period of time.

3    33.    The conduct of defendant sheriffs was the proximate cause of the damages set forth in

4    paragraphs 23 through 24 herein, which are incorporated in this First Claim for Relief as though

5    fully set forth at this point.

6
                                  **FIFTH CLAIM FOR RELIEF**
7                          **VIOLATION OF CIVIL RIGHTS (42 U.S.C. 1983)**
                  (MS. SCHAR Against Unknown Doe [Surname] Defendants – Excessive Force)
8

9    34.    Plaintiff MS. SCHAR re-alleges and incorporates paragraphs 1 through 22, inclusive, as

10   though fully set forth at this point, as they relate to a cause of action for a violation of her civil

11   rights under the 4th Amendment of the U.S. Constitution to be free from the use of unreasonable

12   and excessive force in conducting a detention, seizure, or arrest of a citizen, and in battering MS.

13   SCHAR as she attempted to intercede to protect her son from an unlawful arrest, and her

14   property from damage.  The actions of the unknown defendant sheriffs (presumed to be one of

15   the named Doe [surname] defendants], in forcefully yanking MS. SCHAR off of the front porch

16   and gripping her upper arm with such force as to cause bruising that was visible for several days

17   after the incident constituted excessive force which was unreasonable under the circumstances.

18   35.    The conduct of defendant sheriffs was the proximate cause of the damages set forth in

19   paragraphs 23 through 24 herein, which are incorporated in this Fifth Claim for Relief as though

20   fully set forth at this point.

21
                                  **SIXTH CLAIM FOR RELIEF**
22                               **FALSE ARREST / IMPRISONMENT**
                   (JESSE & MS. SCHAR Against Thomas – False Imprisonment/Arrest)
23

24

25

                                              10

COMPLAINT
MILLER V. COUNTY OF SANTA CLARA
CASE NO. _____

36.    Plaintiffs JESSE & MS. SCHAR re-alleges and incorporates paragraphs 1 through 22, inclusive, as though fully set forth at this point, as they relate to a cause of action for false arrest and/or imprisonment.

37.    The defendant sheriffs intentionally restrained, detained, limited the movement of, and otherwise confined JESSE and MS. SCHAR for an appreciable time, and were either encouraged, directed, or otherwise assisted in procuring the imprisonment of JESSE and MS. SCHAR, and the arrest of plaintiff JESSE, based on the false allegations of THOMAS and her efforts to manipulate the assistance of SCSD, as hereinabove alleged.

38.    The conduct of THOMAS was the proximate cause of the damages set forth in paragraphs 23 through 24 herein, which are incorporated in this Sixth Claim for Relief as though fully set forth at this point.

### SEVENTH CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Plaintiffs Against Thomas)

39.    Plaintiff JESSE re-alleges and incorporates paragraphs 1 through 22, inclusive, as though fully set forth at this point, as they relate to a cause of action for intentional infliction of emotional distress.

40.    By acting in a manner heretofore alleged with regard to the making of false accusations of domestic violence and enlisting law enforcement to fulfill the defendant THOMAS's desire to disrupt JESSE's relationship with his daughter, and otherwise alienate JESSE from his daughter, defendant THOMAS engaged in outrageous, unprivileged conduct, that was harmful and offensive, and intended to cause severe emotional distress and/or engaged in the conduct with reckless disregard of the probability of causing JESSE, and MS. SCHAR, whom defendant THOMAS knew resided with her son JESSE, severe emotional distress.  As a result of THOMAS's conduct, plaintiffs did suffer severe emotional distress.

11

COMPLAINT
MILLER V. COUNTY OF SANTA CLARA
CASE NO. _____

41.     The conduct of THOMAS was the proximate cause of the damages set forth in paragraphs 23 through 24 herein, which are incorporated in this Seventh Claim for Relief as though fully set forth at this point.

### EIGHTH CLAIM FOR RELIEF
### NEGLIGENCE
(Plaintiffs Against Thomas – Negligence)

42.     Plaintiffs re-allege and incorporates paragraphs 1 through 22, inclusive, as though fully set forth at this point, as they relate to a cause of action for negligence.

43.     THOMAS had a duty to act reasonably under the circumstances and obey the laws of the State of California, which prohibit the making of a false police report, and in making false allegations of abuse against JESSE, did breach her duty to act reasonably under the circumstances, thereby causing JESSE and MS. SCHAR the damages set forth hereinabove.

44.     The conduct of THOMAS was the proximate cause of the damages set forth in paragraphs 23 through 24 herein, which are incorporated in this Eighth Claim for Relief as though fully set forth at this point.

### NINTH CLAIM FOR RELIEF
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(Plaintiffs Against Thomas – Negligence)

45.     Plaintiffs re-allege and incorporates paragraphs 1 through 22, and 43, inclusive, as though fully set forth at this point, as they relate to a cause of action for negligent infliction of emotional distress.

44.     The conduct of THOMAS was the proximate cause of the damages set forth in paragraphs 23 through 24 herein, which are incorporated in this Ninth Claim for Relief as though fully set forth at this point.

**V.  PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

COMPLAINT
MILLER V. COUNTY OF SANTA CLARA
CASE NO. _____

1.)     Award general, special, and compensatory damages to plaintiffs in an amount to be proven at trial.

2.)     Award punitive damages against defendants, and each of them, for the extreme and outrageous conduct in complete disregard for the rights of plaintiffs;

3.)     Award attorneys' fees and costs to plaintiffs; and,

4.)     Grant plaintiffs such other and further relief as the Court may deem just and proper.

Dated: 12/20/04

_____
ROBERT R. POWELL, ESQ.
Attorney for Plaintiffs

COMPLAINT
MILLER V. COUNTY OF SANTA CLARA
CASE NO. _____